IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES W. GOMEZ,

                Petitioner,

  v.                                                OPINION & ORDER

SCOTT ECKSTEIN,                                  18-cv-213-jdp

                Respondent.

---

      James W. Gomez, appearing pro se, is a prisoner at the Green Bay Correctional Institution. Gomez brings a petition for writ of habeas corpus under 28 U.S.C. § 2254. He contends that his 2001 conviction for first-degree reckless homicide in the circuit court for Marathon County is invalid for a number of reasons, including that the state trial court violated the Double Jeopardy Clause of the Fifth Amendment by declaring a mistrial in the original criminal proceeding and that the court violated his due process rights by denying his request to withdraw his plea in the second proceeding. The court has allowed Gomez to proceed *in forma pauperis* with his petition.

      The next step is for the court to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under this rule, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In reviewing this pro se petition, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

      I will dismiss the petition because my review shows that Gomez has already brought a habeas petition about this conviction. Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not

file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. *In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999). That standard is met in this case.

In 2004, Gomez brought a habeas petition in this court, challenging the same conviction raised in this case. The court dismissed the petition, *Gomez v. Berge*, No. 04-C-0017-C, 2004 WL 2521250, at *1 (W.D. Wis. Oct. 22, 2004), and the Court of Appeals for the Seventh Circuit affirmed the dismissal, *Gomez v. Berge*, 434 F.3d 940 (7th Cir. 2006). All of the claims in Gomez's new petition are claims that he could have brought in his previous one.

If Gomez believes that he qualifies for an exception to the rule against filing successive petitions, he must seek permission to file his petition with the Court of Appeals. I have no authority to consider the petition until that court gives its approval. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Gomez has also filed a letter that I construe as including a motion for appointment of counsel. Dkt. 9. But because I am denying the petition, I will deny the motion for appointment of counsel as moot.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).

2

This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Because reasonable jurists would not debate whether this petition qualifies as "second or successive," I will not issue Gomez a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

ORDER

IT IS ORDERED that:

1. The petition for writ of habeas corpus filed by James W. Gomez, Dkt. 1, is DISMISSED for lack of authorization as a second or successive application.

2. Petitioner's motion for appointment of counsel, Dkt. 9, is DENIED as moot.

3. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered October 9, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge